### VIELE *v.* KEELER.

*(Supreme Court, General Term, Third Department.* February 4, 1891.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

　　Testator devised certain property to a daughter for life, but to be held in fee upon certain contingencies. By a codicil to the will he devised the same property to the said daughter expressly for life, with remainder over to her descendants. *Held,* that the fee was revoked by the subsequent devise for life, and that a purchaser of the property from a person claiming under the devise in fee could not be compelled to take the property under an agreement for clear title.

Case submitted on agreed statement.

This was a controversy between Maurice E. Viele, vendor, and William H. Keeler, vendee, involving the validity of the title of the former to certain real

estate.  By a certain clause of his will, Charles D. Townsend devised certain real estate to executors for the use of a daughter during life, but provided, further, that, if the daughter married a discreet and prudent man, upon a testimonial by his executor to that effect, she should take the property in fee. By a codicil to the will, he made a different disposition of the same property, directing that the said daughter should take and hold the same for and during her natural life, with remainder in fee to her descendants.  The daughter married the vendor, Maurice Viele, and received from the executor a testimonial setting forth the prudence and discretion of the husband.  The daughter thereafter died, having devised the property in question to her husband, who sold it to the vendee under an agreement to convey a clear title.  The vendee, William H. Keeler, objected to the title he was required to take, and thereupon the parties submitted the following questions to this court, under section 1279 of the Code of Civil Procedure: "*First.* Is said Maurice E. Viele the owner in fee-simple of one undivided half of the lot of land   *   *   *   in the agreement between himself and said William H. Keeler set forth?  *Second.* Is said William H. Keeler legally bound to accept the deed of conveyance of an undivided half of said lot of land   *   *   *   tendered to him by said Maurice E. Viele?"

Argued before LANDON and MAYHAM, JJ.

*S. O. Shepard,* for plaintiff.  *Isaac Lawson,* for defendant.

LANDON, J.  The will of Charles D. Townsend gave to his daughter, Mrs. Viele, for her life the possession and enjoyment of the share of his estate allotted to her, but bestowed the legal title thereto upon his executors, in trust to support Mrs. Viele's possession and enjoyment for life.  The codicil to the will gave to Mrs. Viele the title for her life of the same share.  We pass this life-estate to consider the important question whether Mrs. Viele, under the will, became vested of a fee in the same share, or whether it passed upon her death according to the provisions of the codicil.  The will declares that, upon the happening of certain events, the share of which it gives Mrs. Viele the use for life shall vest in her in fee.  Subject to this contingency, which would of course merge the remainder in the fee, the will disposed of the remainder after Mrs. Viele's life-estate in her share.  The codicil makes a different disposition of the remainder.  It contains no provision respecting the contingency whereby Mrs. Viele's life-estate might become a fee.  Thus the will makes, in any event, full and ultimate disposition of the share allotted to Mrs. Viele.  And the codicil does no less,—it bestows the share for her life and the remainder afterwards.  The disposition of the share in question made by the codicil is the latest expression of the testator's will.  The disposition is complete, and therefore prevails over any different disposition contemplated by the will.  This view of the case answers every opposing construction suggested by the plaintiff.  It follows that both questions proposed in the case submitted must be answered in the negative, and that judgment must be directed for the defendant, with costs.