LYNCH v. ROGERS.

(Supreme Court, Appellate Division, Second Department.　April 24, 1912.)

1. VENDOR AND PURCHASER (§ 130*)—SUFFICIENCY OF VENDOR'S TITLE—AMENDMENT.

That a prior owner in plaintiff's chain of title was described in the deed to him as "F., of the city and state of New York," and of "F., Undercliff, county of Bergen, and state of New Jersey," and in the deed from him the grantors were described as "F. and L. F., his wife, of Undercliff, Bergen county, New Jersey," and that a prior purchaser had been relieved from his contract of purchase from plaintiff by judgment based

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon a defect in the title, in that the title and interest of F., of New York, was still outstanding, did not preclude plaintiff from enforcing specific performance on afterwards obtaining a deed from F. individually, in correction of his former deed; it being undisputed that F. was the grantee in the deed, and the grantor in the deed of correction, and that in the meanwhile his wife had died.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246, 247; Dec. Dig. § 130;* Specific Performance, Cent. Dig. § 258.]

2. SUBMISSION OF CONTROVERSY (§ 3*)—QUESTION OF MARKETABLE TITLE.
The question as to whether a vendor has a marketable title is a proper one for submission, pursuant to Code Civ. Proc. §§ 1279–1281, providing for the submission of controversies without process, on the filing of papers, and that thereon the submission shall become an action.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

3. JUDGMENT (§ 956*)—ESTOPPEL—CURE OF DEFECTS IN TITLE—PAROL EVIDENCE.
Where a purchaser has obtained a judgment relieving him from his contract on the ground of the vendor's defect of title, and the vendor obtains an additional deed curing the defect so adjudged, the vendor, although not having appealed from such judgment, may, by parol evidence, show that the defect in title has been cured.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

Submission of controversy between Fannie G. Lynch and Marie Rogers. Judgment for plaintiff for specific performance, with costs, pursuant to the terms of the submission.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Whitmel H. Smith, of Brooklyn (Charles C. Clark, of Brooklyn, on the brief), for plaintiff.
Melville J. France, of Brooklyn, for defendant.

HIRSCHBERG, J. The question involved in the submission herein relates to the title to certain real estate in the borough of Brooklyn, which the plaintiff has contracted to sell and convey to the defendant, but which the defendant refuses to take, on the ground that the plaintiff's title is not marketable. The property in question is owned by the plaintiff, and the dispute arises by reason of the form of a prior deed of the property executed in the year 1897 by the then owner to one Frank H. Finch. In the conveyance to Finch, he is described as "Frank H. Finch, of the city and state of New York, and Frank H. Finch, of Undercliff, county of Bergen, and state of New Jersey, party of the second part." On January 5, 1898, Finch executed and delivered a full-covenant and warranty deed of the premises, in which deed he and his wife are described as grantors as "Frank H. Finch and Lillian Finch, his wife, of Undercliff, Bergen county, New Jersey," and thereafter the plaintiff acquired the property through mesne conveyances, not necessary to mention in detail.

Subsequent to the plaintiff's acquisition of the property, viz., on March 17, 1906, she entered into a contract to sell the same to one Frank I. Miller. At the time for passing title, Miller refused to ac-

cept the deed, because of the double description of Finch in the prior deed herein referred to. He brought an action against the plaintiff for a judgment relieving him from the purchase, based upon a defect in the title, and the trial resulted in a judgment in his favor, which judgment was duly entered in the clerk's office of the county of Kings on January 11, 1909; the court finding as a material fact:

"That Frank H. Finch, of the city, county, and state of New York, has not since the 4th day of October, 1897, conveyed the said property, or parted with his right, title, and interest therein, nor has his interest been otherwise disposed of, and that the right, title, and interest of the said Frank H. Finch is still outstanding."

The judgment decreed that because of this fact the title to the premises in question was unmarketable, and this judgment has never been reversed, vacated or set aside.

On the 31st of August, 1909, the plaintiff obtained a deed of the premises from the said Frank H. Finch, in which he is described as grantor, as "Frank H. Finch, widower, formerly of the city, county, and state of New York, and now of Chicago, Ill.," which deed recites that it is given in correction of the former deed of January 5, 1898, hereinbefore referred to; said latter deed being defective, in that it does not state the true interest of Finch in the premises which were conveyed to him in the deed made in the year 1897, as hereinbefore stated, and in which deed there was but one grantee, Frank H. Finch.

[1] By the terms of the submission it is established and undisputed that the said Frank H. Finch was the sole grantee in the deed made in 1897, that he is the grantor in the deed of correction, that his wife had died in the interval, and that there was but one person by the name of Frank H. Finch to whom the premises were conveyed or intended to be conveyed. On the facts the plaintiff is entitled to a judgment for the specific performance of the contract for the sale of the real estate in question.

[2] The question involved appears to be a proper one for submission pursuant to the provisions of the Code. See Viele v. Keeler, 59 Hun, 617, reported in full in 13 N. Y. Supp. 196.

[3] There was no need of an appeal from the judgment decreeing the insufficiency of the title. The plaintiff, as vendor, has accepted the judgment and obtained the additional deed in order to obviate or cure the defect therein adjudged. In Hellreigel v. Manning, 97 N. Y. 56, where lands had been deeded to one Electa Wilds, and the records showed that the only subsequent deed from her was made by one Electa Wilder, proof was received in an action for specific performance that there was but one person concerned, and that her name was Electa Wilds; and it was held that defects in the record title may be cured by parol evidence, and that, as there was but one person, grantor and grantee, in the respective deeds, there was no defect in the title, and specific performance was decreed.

The plaintiff is entitled to judgment for specific performance, with costs, pursuant to the terms of the submission. All concur.